**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**RICHARD SCOTT TUCKER**                                                              **PETITIONER**
**ADC# 122704**

**VS.**                          **NO. 5:08-CV-00276-BSM-BD**

**LARRY NORRIS, Director,**
**Arkansas Department of Correction, et al.**                              **RESPONDENTS**


**RECOMMENDED DISPOSITION**

**I**.    **Procedure for Filing Objections**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## II.   Background

Richard Scott Tucker, an Arkansas Department of Correction ("ADC") inmate, brings this petition for writ of habeas corpus (docket entry #2) under 28 U.S.C. § 2254. A Yell County Circuit Court jury convicted Petitioner of raping his minor daughter and sentenced him to 120 months in the ADC. *Tucker v. State*, No. CACR 02-629, 2003 WL 840958, at *1 (March 5, 2003). The Arkansas Court of Appeals affirmed Petitioner's conviction on appeal. *Id*.

Petitioner does not challenge his conviction but instead challenges the decisions of the Arkansas Parole Board (hereinafter "the Board") denying him parole. Specifically, Petitioner claims: (1) the Board violated the "due process clause and the Fifth and Fourteenth Amendments of the Constitution" when it denied him release on parole after serving 70% of his sentence and "placed the burden of a rehabilitation program" on him; (2) Arkansas's parole statutes and the Board's regulations create a liberty interest in parole; thus, the Board's refusal to parole him after he had served 70% of his sentence constituted a denial of his due process rights;(3) the Board denied him due process when it did not provide him with a copy of "Form 153" to prepare for his hearing or provide him with notice of rehearing; (4) the Board denied him due process because he received only "boilerplate responses" as reasons for denial of parole; and (5) the Board denied him due process because it considered information that "creates a biased process."

In his amended petition, petitioner also claims: (1) ADC policy that permits the Board to require an inmate to complete a "voluntary program" before being released on

parole inappropriately lengthened his sentence; and (2) the Board denied him due process because one of the hearing officers was prejudiced against "persons with violent or aggravated charges."

### III.    Exhaustion of State Court Remedies

In their Response, Respondents contend that Petitioner's claims should be dismissed for failure to exhaust state court remedies.  Specifically, Respondents argue that Petitioner should have exhausted his claims by bringing a state court action under Arkansas's Administrative Procedure Act.

The federal statute concerning habeas corpus jurisdiction requires that a district court dismiss a state prisoner's federal habeas petition "if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546 (1991) (interpreting 28 U.S.C. § 2254).  Grounded in comity and federalism, "the exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Id*. (quoting *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198 (1982)).

A "habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of the opportunity to address those claims in the first instance." *Id*. at 732; *Clay v. Norris*, 485 F.3d 1037, 1039 (8th Cir. 2007).  "Only a firmly established and regularly followed state practice," however, is a procedural bar to federal habeas review.  *Ford v. Georgia*, 498 U.S. 411, 423-24, 111 S.Ct. 850 (1991).

Petitioner claims a state remedy is not available because he cannot seek judicial review of an administrative adjudication based on the plain language of Ark. Code Ann. § 25-15-212(a). The statute provides:

> (a) In cases of adjudication, any person, *except an inmate under sentence to the custody of the Department of Correction,* who considers himself or herself injured in his or her person, business, or property by final agency action shall be entitled to judicial review of the action under this subchapter.

ARK. CODE ANN. § 25-15-212(a). Under the statute, a petitioner seeking relief must file a petition within thirty (30) days after service of the agency's final decision in the circuit court of any county where he resides or in Pulaski County. *Id*. at §§ 25-15-212(b)(1) and (2).

Petitioner is correct that the language of the statute appears to bar his claims. As Respondents point out, however, in *Clinton v. Bonds*, 306 Ark. 554, 86 S.W.2d 169 (1991), the Arkansas Supreme Court found unconstitutional that portion of the statute barring inmates from bringing constitutional claims. Consequently, inmates may seek state judicial review of constitutional questions under Arkansas's Administrative Procedures Act. *Id*.; see also *Brown v. Maxwell*, No. 00-753, 2001 WL 1558570, at *1 (2001) ("[i]n *Clinton v. Bonds*, we granted inmates the right to pursue judicial review of constitutional questions after an administrative adjudication"); *Orisini v. Beck*, No. 98-1013, 2000 WL 92332, at *1 (2000).

Petitioner could have filed a claim raising his constitutional claims under the Administrative Procedures Act in the circuit court within thirty days after he was served

the Board's decision denying his request for parole reconsideration dated May 10, 2009. The time has passed for Petitioner to file such an action, and there are no other non-futile state court remedies available to Petitioner. Consequently, the Court recommends that the District Court dismiss the petition with prejudice. See *Pryor-Kendrick v. Norris,* No. 5:08cv00105, 2008 WL 4756190, at *4 (E.D. Ark. 2008) (petitioner's claims regarding ADC disciplinary proceeding must be dismissed for failure to exhaust state court remedies because she could have brought a suit under the Arkansas Administrative Procedures Act as construed by *Clinton*).

Even if Petitioner had exhausted his state administrative remedies, the District Court could not grant the relief Petitioner requests. A federal court may issue a writ of habeas corpus only for a violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §§ 2241(c), 2254(a). There is no federal constitutional interest in having state officers follow state law or prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Therefore, Petitioner's claims against Respondents in this regard do not amount to a cognizable federal habeas claim. Regardless of whether any ADC or Parole Board rules or regulations have been violated, this Court is limited to determining whether a federal violation has occurred.

The Fourteenth Amendment to the United States Constitution, extending the due process protections of the Fifth Amendment, provides in part that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Protected liberty interests may arise from the Due Process Clause itself or from

an expectation or interest created by state laws or policies. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

The Due Process Clause itself does not create a protected liberty interest in the possibility of parole or release before expiration of a validly imposed sentence. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Further, nothing in the Arkansas statutes governing parole creates anything more than a mere possibility of parole, and thus the statutes do not establish any right to release on parole that would invoke due process protection. *Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir. 1990); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984).[1]

Instead, the statutes place minimal limitations on the Board's discretion and provide that the Board "may" release an individual on parole when, in its opinion, there is a reasonable probability that he can be released without detriment to the community or himself. ARK. CODE ANN. § 16-93-701(a)(1). The statutes also clearly provide for discretion on the part of the Board in formulating "all policies, rules, and regulations regarding parole," setting conditions for parole, and in determining if or when a particular inmate will be paroled. *Id*. §§ 16-93-206(a)(1) & (4), (e)(1) & (f), 16-93-1302.

The Arkansas Supreme Court has emphasized the broad discretionary authority granted to the Board under the state's parole statutes. *Michalek v. Lockhart*, 730 S.W.2d

---

[1] In *Parker v. Corrothers*, 750 F.2d 653 (8th Cir. 1984), the Eighth Circuit Court of Appeals held that Arkansas Board of Parole Regulation 3.09 created a liberty interest in parole. *Id.* at 661. The Court went on to explain that due process required that the Board provide more than "boiler plate" language in denying a parole request. *Id.* at 662. The Board has revised its regulations since the Court's decision in *Parker*. (#42)

210, 211 (1987); see *Dougan v. Ford*, No. 04-623, 2005 WL 2387576, *2 (Sept. 29, 2005) (unpub.) ("[i]f the conditions [set by the Board] are too onerous, appellant could decline to accept the conditions set, and elect to serve out his sentence instead"); see also *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007) (unpub.) (Arkansas parole statutes do not create protectible liberty interest in discretionary parole decisions, and prisoner did not have protectible liberty interest in having parole board follow its own hearing policy).

A prisoner committed to the custody of a state penal authority, "can be assured of only one thing– that he will be released from the State's custody at the end of the term of years specified by the sentencing court." *Richmond v. Duke*, 909 F.Supp. 626, 631 (E.D. Ark. 1995).

## IV.   Conclusion

The Court recommends that the District Court dismiss Petitioner's petition for writ of habeas corpus (#2) with prejudice for failing to exhaust his state court remedies.

DATED this 18th day of September, 2009.

_____
UNITED STATES MAGISTRATE JUDGE